JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ACCESS 4 ALL, INC.,<br>a Florida Non-Profit Corporation, | DAISY J, INC., a Utah Corporation |

| **(b)** County of Residence of First Listed Plaintiff    Broward County, FL<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Carolyn Perkins, P.O. Box 52704, Salt Lake City, UT 84106,<br>801.405.9954 & Lawrence A. Fuller & Allen Fuller, pro hac vices pending<br>12000 Biscayne Blvd., #502, N. Miami, FL 33181, 305.891-5199 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | ☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☒ 445 Amer. w/Disabilities -<br>  Employment<br>☒ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
  Proceeding
- ☐ 2 Removed from
  State Court
- ☐ 3 Remanded from
  Appellate Court
- ☐ 4 Reinstated or
  Reopened
- ☐ 5 Transferred from
  Another District
  *(specify)*
- ☐ 6 Multidistrict
  Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*<br>Title III of the Americans with Disabilities Act, 42 U.S.C. Sec. 12181, et seq.<br>Brief description of cause:<br>Equal access to places of public accommodation for persons with disabilities |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☐ Yes    ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):*    JUDGE | DOCKET NUMBER |
|---|---|---|

DATE  9·14·18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG JUDGE_____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Utah

| | |
|---|---|
| STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, | ) ) ) ) ) |
| _Plaintiff(s)_ | ) ) ) |
| v. | ) Civil Action No.  2:18 - CV - 00739 EJF |
| DAISY J, INC., a Utah Corporation, | ) ) ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  DAISY J, INC.
810 S. State Street
Salt Lake City, UT  84111

Att:  Joy Gingrich


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Carolyn Perkins                      Lawrence A. Fuller, pro hac vice pending
P.O. Box 52704                       Allen Fuller, pro hac vice pending
Salt Lake City, UT  84106            12000 Biscayne Blvd., #502
Tel:  801.415.9954                   N. Miami, FL 33181
                                     Tel:  305.891-5199


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


_CLERK OF COURT_


Date: _____                        _____
                                             _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Carolyn Perkins, Esq.  (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Allen D. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
afullermiami@gmail.com

Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

---

| | | |
|---|---|---|
| STEVEN FISHER, Individually,<br>and ACCESS 4 ALL, INC., a Florida<br>Non-Profit Corporation, | : <br> : <br> : <br> : | |
| Plaintiffs, | : <br> : | **COMPLAINT**<br>(Injunctive Relief Demanded) |
| vs. | : <br> : | |
| DAISY J, INC., a Utah Corporation, | : <br> : | Case No. 2:18-CV-00739-EJF |
| Defendant. | : <br> : | |

---

Plaintiffs, STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-

Profit Corporation, on their behalf and on behalf of all individuals similarly situated (sometimes

referred to as "Plaintiffs") hereby sue the Defendant, DAISY J, INC., a Utah Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2.      Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Broward.

3.      Defendant's properties, Taco Time, are located in the County of Salt Lake, as follows:

| Taco Time | Taco Time | Taco Time |
|---|---|---|
| 810 S State Street | 3911 S State Street | 3911 S State Street |
| Salt Lake City, Utah | Salt Lake City, Utah | Salt Lake City, Utah |

4.      Venue is properly located in the District of Utah because venue lies in the judicial district of the properties' situs.  The Defendant's properties are located in and do business within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §2201 and §2202.

6.      Plaintiff Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

7.      Plaintiff Steven Fisher is a Utah resident, is *sui juris*, and qualifiesd as an individual with disabilities as defined by the ADA.  Mr. Fisher has cancer in his spine, and four metal rods in place to hold the cadaver bone in his back.  He frequently needs to use a wheelchair for mobility.

8.      Plaintiff ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

9.      Steven Fisher, of Access 4 All, Inc., has visited the properties which form the basis of this lawsuit and plans to return to the properties once the barriers to access are corrected, and the facilities become fully accessible.

10.     Steven Fisher, of Access 4 All, Inc., has encountered architectural barriers at the subject properties, which have impaired his ability to park safely at the premises, to access the premises safely, and to use restrooms safely.

11.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendant owns, operates, leases or

leases to are the following properties:

| Taco Time | Taco Time | Taco Time |
|---|---|---|
| 810 S State Street | 3911 S State Street | 3911 S State Street |
| Salt Lake City, Utah | Salt Lake City, Utah | Salt Lake City, Utah |

12.     Access 4 All, Inc. and one or more of its members, including Steven Fisher, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the subject properties not  only to avail themselves of the goods and services available at the properties but to assure themselves that the properties are in compliance with the ADA so that the individual plaintiffs, the disability group and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

13.     The Defendant has discriminated against the individual plaintiffs, and one or members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

14.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of premises has shown that violations exist.  These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

**TACO TIME, 810 S STATE STREET, SALT LAKE CITY, UTAH  84111**

<u>Parking</u>

a.    There is an inadequate number of accessible parking spaces with none for vans at Taco Time preventing Mr. Fisher from parking his vehicle and accessing the store violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

b.    Spaces are located on slopes and there is a ramp in the unloading area impeding access to Taco Time violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

c.    There is no accessible route to the store entrance from the space, preventing Mr. Fisher from safe unloading from vehicles and accessing Taco Time violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

<u>Entrance Access and Path of Travel</u>

d.    Curb ramps and ramps throughout the facility lack compliant landings and have excessive slopes which endangered Mr. Fisher and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

e.    Excessive slopes, cross-slopes and changes of level prevented Mr. Fisher from using the path of travel from Taco Time to adjoining street, sidewalk and public transit areas violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

f.    The door to enter Taco Time lacks compliant maneuvering space for Mr. Fisher to enter the store violating ADAAG Sections 4.3, 4.13 / 2010 ADAS Sections 302 and 404.

<u>Access to Goods and Services</u>

g.    Taco Time fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

h.    Tables and booths are inaccessible with inadequate knee and toe clearance or elevated areas preventing use by Mr. Fisher and violating ADA accessibility requirements.

i.    Take-out and self-service work surface areas in the restaurant are inaccessible to Mr. Fisher in violation of various ADAAG and 2010 ADAS requirements.

<u>Access to Taco Time Restrooms</u>

j.     Mr. Fisher could not access restroom doors lacking required accessible hardware in violation of ADAAG Section 4.13 and 2010 ADAS Section 404.

k.     Mr. Fisher could not access restroom stalls. The doors lack required approach space and accessible hardware violating the ADAAG and 2010 ADAS Sections 404 and 604.

l.     Water closet has a centerline more than 18" from the side wall with improperly located toilet paper and grab bars violating ADAAG Section 4.17 and 2010 ADAS Section 604.

m.     Mr. Fisher could not use the restroom urinals in Taco Time, coat hooks and dispensers mounted beyond prescribed limits and mirrors are above 40" AFF violating Sections 4.2, 4.18 and 4.19 of the ADAAG and 2010 ADAS Sections 308, 603 and 605.

n.     Mr. Fisher could not use lavatories in the Taco Time which lack knee and toe space violating ADAAG Section 4.19 and ADAS Section 606.

**Maintenance**

o.     The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

**TACO TIME, 3911 S. STATE STREET, SALT LAKE CITY, UTAH  84107**

**Parking**

p.     There are no accessible parking spaces for vans at Taco Time preventing Mr. Fisher from parking his vehicle and accessing the store violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

q.     Mr. Fisher could not safely unload from his vehicle as the space is located on a slope and there is no access aisle or route to access Taco Time violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

r.     There is no accessible route to the store entrance from the space, preventing Mr. Fisher from safe unloading from vehicles and accessing Taco Time violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

**Entrance Access and Path of Travel**

      s.      Curb ramps and ramps throughout the facility lack compliant landings and have excessive slopes which endangered Mr. Fisher and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

      t.      Excessive slopes, cross-slopes and changes of level prevented Mr. Fisher from using the path of travel from Taco Time to adjoining street, sidewalk and public transit areas violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

      u.      The door to enter Taco Time lacks compliant maneuvering space for Mr. Fisher to enter the store violating ADAAG Sections 4.3, 4.13 / 2010 ADAS Sections 302 and 404.

**Access to Goods and Services**

      v.      Taco Time fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

      v.      Tables and booths are inaccessible with inadequate knee and toe clearance or elevated areas preventing use by Mr. Fisher and violating ADA accessibility requirements.

      x.      Take-out and self-service work surface areas in the restaurant are inaccessible to Mr. Fisher in violation of various ADAAG and 2010 ADAS requirements.

**Access to Taco Time Restrooms**

      y.      Mr. Fisher could not access restroom doors lacking required accessible hardware in violation of ADAAG Section 4.13 and 2010 ADAS Section 404.

      z.      Mr. Fisher could not access the restroom water closet which does not adjoin a wall and has the seat at 16" AFF.  The toilet paper is improperly located and there are no grab bars violating ADAAG Section 4.16 and 2010 ADAS Section 604.

      aa.      Mr. Fisher could not use the Taco Time restroom coat hooks and dispensers mounted beyond prescribed limits and mirrors are above 40" AFF violating Sections 4.2 and 4.19 of the ADAAG and 2010 ADAS Sections 308, 309 and 603.

      bb.      Mr. Fisher could not use lavatories in the Taco Time which lacks approach, knee and toe space violating ADAAG Section 4.19 and ADAS Section 606.

**Maintenance**

cc.     The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

**TACO TIME, 382 W 5300 S, MURRAY, UTAH 84123**

**Parking**

dd.     Mr. Fisher could not safely unload from his vehicle or access Taco Time due to the accessible parking spaces being located on slopes with no accessible routes to entrances violating ADAAG Sections 4.3 and 4.6 as well as 2010 ADAS Sections 402 and 502.

**Entrance Access and Path of Travel**

ee.     Curb ramps and ramps throughout the facility lack compliant landings and have excessive slopes which endangered Mr. Fisher and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

ff.     Cross slopes and changes of level exceeding limits impeded Mr. Fisher on the path of travel to access Taco Time accessible from parking areas violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

gg.     There is no route to the parking, street, sidewalk and public transit areas impeding Mr. Fisher ability to enter Taco Time in violation of Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

**Access to Goods and Services**

hh.     The tables and booths are inaccessible with inadequate knee and toe clearance.

ii.     Self-service and work surface areas in the restaurant are inaccessible to Mr. Fisher in violation of various ADAAG and 2010 ADAS requirements.

**Access to Taco Time Restrooms**

jj.     Mr. Fisher could not access restroom stalls lacking required hardware. Water closets lack transfer space with centerline at an improper distance from side wall and obstructed grab bars violating Section 4.17 of the ADAAG and Section 604 of the 2010 ADAS.

kk.     Mr. Fisher could not use the restroom coat hooks and dispensers mounted beyond prescribed limits and mirrors are above 40" AFF violating Sections 4.2, 4.18 and 4.19 of the ADAAG and 2010 ADAS Sections 308, 603 and 605.

ll.     Mr. Fisher could not use lavatory which lacks adequate approach, knee or

toe space violating ADAAG Section 4.19 and ADAS Section 606.

**Maintenance**

mm.   The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

15.   The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16.   The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.   Defendant has discriminated against the Plaintiff organization and member Steven Fisher by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. ˮ 12181 et seq. and 28 CFR

36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the properties to make the facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and

by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

     c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

     d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: __September 14__, 2018

Respectfully submitted,

Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
-and-
Lawrence A. Fuller, Esq., *pro hac vice pending*
Allen D. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
afullermiami@gmail.com

*Counsel for Plaintiffs STEVEN FISHER and ACCESS 4 ALL, INC.*